IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**LISA HARVEY,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-148**   (Fam. Ct. Mercer Cnty. Case No. FC-28-2024-D-199)

**THOMAS HARVEY,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Lisa Harvey ("Wife") appeals the Family Court of Mercer County's March 27, 2025, order dismissing her petition for contempt. Thomas Harvey ("Husband") responded in support of the family court's decision.[1] Wife did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Husband and Wife were divorced by an order entered August 14, 2024. The parties had no assets to divide and only one marital debt—a $1,600 debt owed to the Internal Revenue Service ("IRS"). The parties agreed to each pay one-half of this debt. The family court adopted the parties' agreement and incorporated it into the final divorce order.

Thereafter, Wife paid her share of the marital debt, but Husband failed to pay his share. Wife filed a petition for contempt asking the family court to find Husband in civil contempt for his failure to pay his share of the marital debt as ordered. On February 10, 2025, the family court conducted a hearing on Wife's petition for contempt, during which Husband testified that he was unable to work; therefore, he was unable to pay his share of the debt. By order entered February 28, 2025, the family court found that if Husband were unable to work, and he provided medical evidence proving such, it could not enforce the final divorce order. The family court ordered Husband to file with the court medical documentation proving he was unable to work at that time within four days of the hearing.

The parties appeared for the final hearing on March 27, 2025. Husband had provided medical documentation showing that he was disabled and unable to work at that time and

---

[1] Both parties are self-represented.

1

testified that he had applied for social security disability. The family court found that it could not hold Husband in contempt as of that date due to his inability to work and to pay the debt. Accordingly, on March 27, 2025, the family court entered a final order dismissing the case. It is from that order that Wife now appeals. For these matters, we use the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Wife argues that the family court erred when it dismissed her petition for contempt. She argues that the case should be reopened and remain open until Husband's application for social security disability is approved. We disagree. We note that in *Deitz v. Deitz,* 222 W. Va. 46, 54, 659 S.E.2d 331, 339 (2008), the Supreme Court of Appeals of West Virginia ("SCAWV") acknowledged that "[a]n integral part of the family court's authority to enter final orders of divorce is its corresponding power to enforce those orders through contempt proceedings." Further, the family court's enforcement of such orders is discretionary. *See Mark V.H. v. Dolores J.M.*, 232 W. Va. 378, 387, 752 S.E.2d 409, 418 (2013); *see also Joshua T. v. Angela M.*, No. 22-ICA-221, 2023 WL 2366493, at *2 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision). However, the SCAWV has also recognized that a party cannot be held in civil contempt for failing to comply with a court order if the party lacks the present ability to do so. *See In re Yoho*, 171 W. Va. 625, 631, 301 S.E.2d 581, 587 (1983). Here, given Husband's testimony and medical documentation showing that as of the date of the contempt hearing, he was disabled and unable to work and lacked the financial means to pay his share of the debt, we conclude that the family court's decision to dismiss Wife's petition for contempt was not clearly erroneous or an abuse of discretion.[2]

Accordingly, we affirm the family court's March 27, 2025, dismissal order.

Affirmed.

---

[2] We note that the family court found that it could not find Husband in contempt as of March 27, 2025. However, the family court's order does not preclude Wife from seeking enforcement of the divorce order in the future.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White